(Decided 19th June, 1884.)

WILLIAM H. EMIG, JOHN A. EMIG and MILTON W. BAHN, Administrators of JOHN EMIG, JR., and LEWIS H. ROBINSON *vs.* SUSAN E. CUNNINGHAM, by her husband and next friend, THOMAS A. CUNNINGHAM.

*Married woman—Distress for Rent—Husband.*

The goods of a married woman found on the demised premises, may be distrained for rent due by her husband.

APPEAL from the Court of Common Pleas.

This was an action of replevin instituted by a *narr.* by Susan E. Cunningham, a married woman, by her husband, as next friend, against John Emig, Jr., and Lewis H. Robinson, to recover certain goods and chattels, being the sole and separate property of the plaintiff Susan, which

had been taken by the defendants for rent due the defend-
ant John, by the husband of the plaintiff Susan. The
defendants filed an avowry to the *narr.*, claiming that the
plaintiff Susan, was indebted to the avowant Emig, in
the sum of $462.50, upon a demise by him to her of a
certain dwelling-house in the City of Baltimore. After-
wards, the death of the defendant Emig was suggested,
and his administrators were made parties. Five pleas
were filed to the avowry, the third of which only, was
finally relied upon by the plaintiffs. The third plea alleged
that the "said John Emig, Jr., did not demise the prem-
ises in which, &c., to the plaintiff Susan E. Cunningham,
as alleged in said avowry and cognizance, but did demise
the same to her said husband Thomas A. Cunningham, and
that the rent on said demise was due and owing by her
said husband, and not by the said Susan, and that the
goods and chattels aforesaid, taken in the place where,
&c., were the sole and separate property of the plaintiff
Susan E. Cunningham, at and before the taking thereof
by the defendants, and as such were exempted from said
distress." To this third plea the defendants demurred.
The case was submitted to the Court without the inter-
vention of a jury. The Court, (BROWN, C. J.,) overruled
the demurrer, and rendered judgment for the plaintiffs for
the property replevied, and verdict and judgment for the
plaintiffs for one cent damages, with interest from date,
and costs. From this judgment the defendants appealed.

The cause was argued befor ALVEY, C. J., STONE, IRVING,
RITCHIE, and BRYAN, J.

*Samuel Snowden,* for the appellants.

*A. F. Musselman,* and *Henry F. Garey,* for the appel-
lee.

BRYAN, J., delivered the opinion of the Court.

The Court below decided that the goods of a married woman could not be distrained for rent due by her husband, when found on the demised premises.

By the common law, upon marriage the husband became the owner of all the goods and chattels of the wife, and, of course, they could be subjected to the payment of his debts in the same way as any other property which he possessèd. Under the operation of this principle, cases of grievous hardship frequently occurred, and it appeared wise to the law-making power to change it. In this State, a series of alterations were made in the law which finally culminated in the provision made in the Constitution of 1867.

By the 43rd section, of the third Article, of that instrument, it is declared that the property of the wife shall be protected from the debts of the husband. Her property was secured from her husband's creditors, as fully as if she had remained unmarried. But it is obvious that none of the enactments on the subject of the property of married women, were intended to have any reference to the law of distress for rent, or to interfere in any way with the relations of landlord and tenant. The landlord has the right to distrain for rent due any goods and chattels on the demised premises, except such as are specially exempted by law.

The liability to distraint arises from the fact that they are found on the premises, and not from the ownership. The goods of a stranger are liable equally with those of the tenant. This right is an ancient privilege of the common law, which had its origin in the feudal tenures. Lord COKE informs us that it was an inseparable incident of the seigniory. It is a remedy which is confined to the land out of which the rent issues, and does not follow the person of the tenant. The tenant, it is true, owes the rent; but the remedy is enforced against the land and not

Emig, *et al. vs.* Cunningham.

against him; his personal liability is not regarded, and the proceeding is conducted as if the land were the debtor.

Distresses seem to have originated from two more ancient remedies of the common law. By the process of *gavelet* and *cessavit* the landlord could seize the land itself for rent in arrear, and hold it until payment was made. These processes have been obsolete for ages, and exist only in the memory of legal antiquaries. When they fell into disuse, distresses appear to have arisen, whereby instead of seizing the land, the lord seized all the movables upon the land, and held them until he received payment. In process of time, he was authorized by statute to make sale of them, and in this way we have the modern distraint. As it is not an execution for debt, the goods of the tenant have never been held to be protected by any of the exemption laws which put the property of a debtor beyond the reach of his creditors. In the present case, if the goods of the wife had been on the premises of any other tenant who was in arrear for rent, they would have been liable to distraint. Or, if she had been an unmarried woman, they could have been seized for the rent involved in this case. We are unable to think that the Constitution intended to give greater immunity to a married woman's property than was extended to it before marriage.

The question of exemption from distress was distinctly presented in this case by a plea, which the learned Judge sustained on demurrer. From what we have said it will appear that the demurrer ought to have been ruled good.

*Judgment reversed, and*
*cause remanded.*

(Decided 19th June, 1884.)


Stone, J., dissented.